ROY SENTOR, APPELLANT, V. CITY OF LINCOLN, APPELLEE.

FILED FEBRUARY 17, 1933. No. 28634.

*Perry, Van Pelt & Marti,* for appellant.

*Max Kier* and *Lloyd E. Chapman, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a suit brought under the workmen's compensation act to recover for an injury received in the course of plaintiff's employment by the city of Lincoln. The city employed plaintiff, with others, to clean the snow and slush from street intersections. The city owned a machine for this purpose, but in order to relieve unemployment at the time in question was doing the work by hand labor. For the same reason and to benefit a greater number, the employment was for one day at a time. The trial court was of the opinion that at the time of the accident the employment of the plaintiff was casual, within the meaning of the workmen's compensation law. Section 48-115, Comp. St. 1929, in so far as applicable to the present situation is: "It shall not be construed to include any person whose employment is casual, and which is not in the usual course of the trade, business, profession or occupation of his employer. The term 'casual' shall be construed to mean 'occasional; coming at certain times without regularity, in distinction from stated or regular.'" This section of the statutes has been construed in *Sherlock v. Sherlock*, 112 Neb. 797, as follows: "In the workmen's compensation law the provision that the word 'employee' shall not be construed to include 'any person whose employment is casual, and which is not in the usual course of the trade, business, profession or occupation of his employer,' means conjunctively both casual employment and usual course of trade."

It is argued by the attorneys for the city of Lincoln that the employment of the plaintiff was not within the regular trade, business, profession or occupation of the employer. The basis of this argument is that it had been the custom to clean the snow and slush from the intersections with a machine, and that it was not within the regular business of the city to do this work by hand labor.

Although this argument is ingenious, it is not persuasive. Section 15-263, Comp. St. 1929, enjoins upon the city of Lincoln the duty to care for the streets. The nature and extent of this duty has been discussed by this court in *Chapman v. City of Lincoln,* 84 Neb. 534, and *City of Lincoln v. Janesch,* 63 Neb. 707. The performance of a duty required by law is a part of the business of the city of Lincoln, within the contemplation of the compensation law. In so far as this case is concerned, it is immaterial whether the city performs this task by hand labor or by machinery. The test is whether the employment was in furtherance of the business of the city, and not in the manner or method adopted in the performance of said duty.

The evidence in this case is that the injury occurred while the defendant was on his way from the building of the street department to the place where he had been assigned to work. He had reported for work at the street department building, had been furnished with tools, and was sent to the place where he was to perform the work. *Siedlik v. Swift & Co.,* 122 Neb. 99, is relied upon to support the proposition that an employee injured while on his way to work cannot recover compensation. Siedlik was employed in the packing plant of Swift & Company. On his way to the plant, he suffered an injury which this court found to have occurred independent of the relation of master and servant. This case presents a different situation. The plaintiff had reported for work at the city street department building, been furnished with tools for the purpose of doing the work, and at the end of the day was to return the said tools to the building. The carrying of the tools from the building in which they were kept to the place at which they were to be used was a part of his duties, just as much as using the tools when he arrived at the place where he was assigned to work. An injury which is received while employee is engaged in work incidental to his employment arises out of and in the course of his employment.

*Tragas v. Cudahy Packing Co.,* 110 Neb. 329; *Speas v. Boone County,* 119 Neb. 58. It is therefore determined that the plaintiff was an employee engaged in the work of his employer at the time of the accident.

The evidence preponderates in favor of a finding that an accident occurred and that the plaintiff was injured. However, there is some dispute as to the extent of the resultant disability. A medical expert testified for the plaintiff and one for the defendant. Numerous lay witnesses testified to physical symptoms of the plaintiff. There is but little conflict in the evidence as to the fact that plaintiff was disabled. Even the testimony of the medical expert called by the city supports a finding of disability.

It is more difficult to determine whether or not the disability was caused by the accident. Immediately after the accident the plaintiff showed the effects of the fall. The night after, he became worse. The disability followed the accident. Lay witnesses testify as to the accident and the disability. The conflict occurs only in the opinion evidence of the medical experts. The disability of plaintiff was caused by a bent coccyx and hemorrhoids. One physician testified that the hemorrhoids were caused by the fall, a common cause, while the other physician testified that it was unusual for such a fall to cause them. The fall was of sufficient force to bend plaintiff's coccyx. In the state of the evidence, we are constrained to find that plaintiff's disability was the result of the accidental injury.

Since the trial court did not reach a consideration of the extent of disability and the amount of compensation due therefor, and because plaintiff's condition may have since improved, the judgment is reversed and the cause remanded, with instructions to determine upon a hearing the extent of disability and the compensation therefor and to enter a judgment for the same. Plaintiff allowed $75 as attorney's fee in this court.

REVERSED.