RICHARD CHISM, APPELLANT, V. CONVAIR MOBILE HOMES, INC., APPELLEE.

112 N. W. 2d 393

Filed December 29, 1961. No. 35059.

*Munro, Parker & Munro,* for appellant.

*Luebs, Elson & Tracy* and. *Richard A. Huebner,,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from a judgment of dismissal in a workmen's compensation case. The evidence indicates that plaintiff is suffering from an intervertebral disk protrusion at the fourth lumbar level. The question is whether or not the disability was the result of an accident arising out of and in the course of the employment.

The case was originally heard by a single judge of the compensation court, who found for the defendant. A rehearing before the compensation court en banc was waived and an appeal was lodged in the district court for Buffalo County. After hearing, the district court found for the defendant. Plaintiff has appealed to this court. The case will be considered de novo on the record.

Plaintiff was in the employ of the defendant on January 20, 1959. Defendant was engaged in the manufacture of house trailers at Kearney, Nebraska. It was using an assembly-line method of operation consisting generally of the frame, floor, sidewall, and roof stages. Plaintiff was working in the floor stage operation. A part of the operation was to bolt the frame to the trailer while it was in an inverted position, turn it over with hoists, nail it on the top side, nail on a plywood floor, and cover the floor with vinal tile. On the day in question, due to a required speedup of operation, the trailer involved was moved from the floor stage to the sidewall assembly stage for the leveling of the trailer and the application of the vinal tile. Suitable hoists were not available at the sidewall assembly, and instructions were given to level the trailer with

jacks and sawhorses. The lifting of the trailer to permit it to rest on sawhorses was to be accomplished by the use of a pry. On the morning of January 20, 1959, plaintiff sought to lift a corner of the trailer to insert a sawhorse by taking a position on his hands and knees and pushing the trailer up with his shoulders and back. He stated that he pushed the trailer up, pushed the sawhorse under, and inserted a 2 by 2 inch board between the trailer and the sawhorse to secure its proper level. As he relaxed from the lifting, the 2 by 2 inch board popped out, causing the trailer to fall, striking the plaintiff on the shoulder, the back, and the left side just above his hip. He felt some pain, rubbed his back, returned to the same position, and successfully lifted and leveled the trailer. A few minutes later he brought out a bucket of glue and a trowel to commence the laying of the vinal tile. He carried the bucket of glue, weighing about 55 pounds, in his right hand, and the trowel in his left hand. He lifted the bucket of glue onto the platform of the trailer some 3½ feet above the floor and suffered pain in so doing. Only after the lifting of the glue bucket did he inform the foreman that he had injured his back. Plaintiff admits that the handling of the glue bucket as he did was a part of his daily work. It is plaintiff's contention that his injury was caused by the falling of the trailer. Defendant contends that it occurred when he lifted the glue bucket, a part of his usual work, and therefore not compensable.

The evidence relied upon by the defendant is substantially as follows: After the foregoing incidents had occurred, and on the same day, plaintiff was sent to Dr. Harold V. Smith of Kearney for examination. He gave Dr. Smith a history of his injury. He stated that he had lifted a glue bucket weighing about 50 pounds and injured his back. No mention was made of the trailer falling. On January 22, 1959, while he was in the hospital, plaintiff gave a statement to an insurance adjuster in which he stated he lifted a glue bucket weighing about

55 pounds to the floor of the trailer approximately 3½ feet above the floor and felt a pop in his back. He stated also that he did not slip, trip, or fall in any manner when he lifted the glue bucket. He then stated that a few minutes before that he had lifted the trailer with his back and felt a pain in his left hip, but thought nothing of it and kept on working. At the conclusion of the statement the plaintiff stated in his own handwriting and over his signature that "I have read the above and it is true."

Plaintiff reported to the office of the defendant before going to the doctor. He stated that he didn't imagine he told the office girl about the trailer falling on his back "because the only one thing I had in my mind was getting to the doctor."

On the witness stand plaintiff testified that he had no recollection of what he told the insurance adjuster. Plaintiff also testified that he could have told Dr. Smith the first time he saw him that the cause of his back injury was the lifting of the glue bucket to the floor of the trailer, at which time he felt a pop in his back.

The burden of proof is on the plaintiff to establish that his injury was the result of an accident arising out of and in the course of his employment. Carranza v. Payne-Larson Furniture Co., 165 Neb. 352, 85 N. W. 2d 694. Mere exertion, which is no greater than that ordinarily incident to the employment, cannot of itself constitute an accident within the meaning of the Workmen's Compensation Act. Hladky v. Omaha Body & Equipment Co., 172 Neb. 197, 109 N. W. 2d 111. Where the evidence is in irreconcilable conflict, this court, upon a trial de novo, will consider the fact that the trial court observed the demeanor of the witnesses and gave credence to the testimony of some rather than to the contradictory testimony of others. Meester v. Schultz, 151 Neb. 614, 38 N. W. 2d 739. A witness may be impeached by extrajudicial statements made by him out of court. Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130. Such state-

ments are not conclusive but may be explained, rebutted, or contradicted, and will thereafter be given such weight as the trier of facts deems them entitled. Kirchner v. Gast, 169 Neb. 404, 100 N. W. 2d 65. The credibility of the plaintiff was peculiarly for the trial court to determine in the instant case.

In the present case the evidence of the plaintiff is of prime importance in the establishment of his claim. His evidence was conflicting and evasive. His claim rests largely upon the credibility of his own evidence. In determining such credibility the trial court is in a much better position to determine it than is this court. The trial court heard the witnesses testify, observed their demeanor on the witness stand, and concluded that plaintiff's uncorroborated evidence was insufficient to sustain a claim under the preponderance of the evidence rule. After a consideration of all the evidence and the findings of the trial court as to the credibility of the witnesses under the rules stated, we conclude, as did the trial court, that plaintiff failed to establish his claim to compensation benefits by a preponderance of the evidence.

AFFIRMED.

SIMMONS, C. J., participating on briefs.