RONALD NOVOTNY, APPELLANT, V. ELECTRIC HOSE &
RUBBER COMPANY, A NEBRASKA CORPORATION,
APPELLEE.

333 N.W.2d 406

Filed April 29, 1983. No. 82-685.

Jim Zimmerman of Atkins, Ferguson, Zimmerman, Carney & Law, and Sampson, Forney & Dobrovolny, for appellant.

Stephen W. Kay of Kay & Kay, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

McCOWN, J.

This is a workmen's compensation case. The Workmen's Compensation Court, on rehearing, found that the plaintiff failed to prove that his disability was caused or aggravated by an incident or accident arising out of and in the course of his em-

ployment and dismissed the petition. Plaintiff has appealed.

The plaintiff, Ronald Novotny, was employed by the defendant, Electric Hose & Rubber Company, as a vulcanizer. As a part of his duties plaintiff operated an overhead crane which he testified was malfunctioning when carrying a full load. To start the crane moving the plaintiff had to rock the reel back and forth and push with his body against the reel.

Plaintiff testified that on September 14, 1981, in the middle of his shift his back began hurting. He continued to work that day and the next, but on September 16 he left work before his shift was over due to pain in his back.

The plaintiff visited Dr. Shannon, a physician, on September 17, and saw Dr. Forney, his family physician, on September 20. Dr. Forney hospitalized the plaintiff for examination and testing on September 20. The initial diagnosis was low back pain of uncertain etiology, and Dr. Forney felt that plaintiff's complaints seemed out of proportion to the physical findings. The X-rays and examination and testing revealed no significant abnormality, and plaintiff was discharged from the hospital on September 25, 1981.

Dr. Shannon testified that plaintiff told him that the back pain had started 4 days before the examination, and also testified that plaintiff had denied knowledge of any specific accident or time of injury and had given no history of trauma. The doctor had no opinion as to the causal connection between the back pain and plaintiff's employment.

Dr. Forney, plaintiff's family physician, testified that plaintiff's injury was possible low back sprain, and that plaintiff also had a congenital condition of scoliotic deformity and a probable degenerative disc disease. Dr. Forney testified that, in his opinion, the injury was job related, but also testified that plaintiff had consulted him for lower back pain on

several occasions in 1977, and on another occasion in September 1979, following an automobile accident in which plaintiff had received contusions and abrasions to his lower back. Dr. Forney also testified that he could not recall that the plaintiff mentioned any specific injury or incident that may have caused his back pain at the time he saw plaintiff at the hospital on September 20, 1981.

On October 12, 1981, Dr. Forney signed a claim form for medical expense benefits for plaintiff's treatment. The form indicates degenerative disc disease as the nature of the sickness or injury, and the question of whether the sickness or injury arose out of the plaintiff's employment was answered "no."

Dr. Woodward, an orthopedic surgeon, first saw the plaintiff on February 16, 1982. He diagnosed plaintiff's injury as a low back strain and placed him in a cast. Dr. Woodward testified that plaintiff's injury was consistent with a strain suffered at work while pushing a crane, but stated that the causal connection between plaintiff's injury and his employment rested primarily upon plaintiff's statements.

All insurance forms filled out and signed by the plaintiff prior to February 12, 1982, referred to the back injury as being nonwork related.

An industrial nurse for the defendant testified that she asked the plaintiff on September 17, 1981, and again on September 21, 1981, when she visited him at the hospital, as to when he thought he might have injured his back, and in what manner. On both occasions plaintiff told her that he did not know how or when he could have injured his back.

Several fellow employees of the plaintiff testified that plaintiff had stated to them that his back was hurting before their work shift started on September 14, 1981, and another employee testified that she saw the plaintiff playing football in his yard on the after-

noon of September 27, 1981, 2 days after plaintiff was released from the hospital.

Plaintiff filed his petition in the Workmen's Compensation Court in December 1981, and on March 11, 1982, a single judge of the Workmen's Compensation Court found that the plaintiff was temporarily totally disabled and entitled to rehabilitation services. Following rehearing before a three-judge panel of the Workmen's Compensation Court, the court found that the plaintiff had failed to prove that his disability was either caused or aggravated by an incident or accident arising out of or in the course of his employment, reversed the order of the one-judge court, and dismissed plaintiff's petition.

On appeal the plaintiff contends that the Workmen's Compensation Court should have disregarded the testimony of certain employees as incredible, and also erred in failing to consider the testimony of Dr. Forney that plaintiff's injury was work related.

Under the Nebraska Workmen's Compensation Act, the claimant has the burden of proof to establish by a preponderance of the evidence that an unexpected and unforeseen injury was in fact caused by the employment. There is no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment. The presence of a preexisting disease or condition enhances the degree of proof required to establish that the injury arose out of and in the course of employment. *Newbanks v. Foursome Package & Bar, Inc.*, 201 Neb. 818, 272 N.W.2d 372 (1978).

In a law action it is not within the province of the Supreme Court to weigh or resolve conflicts in the evidence. The credibility of witnesses and the weight to be given their testimony are for the trier of fact. *Trout v. Olson Bros. Mfg. Co.*, 209 Neb. 477, 308 N.W.2d 522 (1981).

Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not

be set aside on appeal unless clearly wrong. In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Newbanks v. Foursome Package & Bar, Inc., supra.*

Triers of fact are not required to take the opinions of experts as binding on them. *Davis v. Western Electric*, 210 Neb. 771, 317 N.W.2d 68 (1982).

Issues of causation are for determination by the fact finder, and there is ample evidence in the record in the present case to sustain the finding of the Nebraska Workmen's Compensation Court. The plaintiff failed to meet his burden of proving that his injury and disability arose out of and in the course of his employment, and the determination of the Workmen's Compensation Court was not clearly wrong.

AFFIRMED.