MARGARET J. HEIRONYMUS, APPELLEE, V. JACOBSEN TRANSFER ET AL., APPELLANTS.

337 N.W.2d 769

Filed August 12, 1983. No. 82-740.

Walter E. Zink II and Diane Bevans Carlson of Baylor, Evnen, Curtiss, Grimit & Witt, for appellants.

Richard A. Koehler, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

Jacobsen Transfer and its insurer, Great West Casualty Company, defendants-appellants, challenge the determination of a three-judge panel of the Workmen's Compensation Court that Jacobsen's employee, plaintiff-appellee Margaret J. Heironymus, is entitled to benefits under the Nebraska Workmen's Compensation Act. We affirm.

The appeal questions (1) the nature and extent of plaintiff's disability, if any, (2) whether a causal connection exists between any such disability and the subject accident, and (3) whether plaintiff is entitled to vocational rehabilitation services.

On June 9, 1976, plaintiff suffered injuries as the result of being thrown through the windshield of a freight truck, in an accident arising out of and in the course of her employment as a driver with Jacobsen.

Although the record is quite sketchy, it appears the initial medical concerns were with the fractures of plaintiff's left shoulder and lower left leg. However, in early 1977 plaintiff began to complain of a "funny feeling in her hand," diarrhea, and exhaustion. She also had a history of gastrointestinal discomfort dating back to 1971.

One of her physicians, on December 8, 1978, stated that plaintiff's multiple complaints concerning her left shoulder, left leg, and back were chronic and improving and that her problem was one of pain management. He concluded plaintiff had only partial disability, had a good prognosis, and should remain active so as to gradually resume as normal a lifestyle as possible.

A fair reading of the testimony of another of her physicians is that, in his opinion, it is medically probable that plaintiff, notwithstanding a negative electroencephalogram, suffers a brain seizure disorder as a proximate result of the accident. That disorder produces the hand episodes, diarrhea, and exhaustion. According to this neurologist, plaintiff

presently suffers a 5-percent disability as a consequence of that disorder, which stabilized as of December 6, 1977.

Although the 48-year-old plaintiff has an eleventh grade education and has worked as a retail salesclerk, skilled production worker, busdriver, an automobile front-end alignment mechanic, as well as a truckdriver, she has neither sought nor held any employment since the 1976 accident. She now accompanies her husband on his over-the-road trips and, with some help, does his bookkeeping. She can no longer function as a truckdriver, nor perform without leg pain any task which requires prolonged sitting, standing, or walking. She reobtained her driver's license, which had lapsed following the accident, but rarely drives for personal purposes, and blacked out on one such excursion. She takes medication for the brain seizure disorder.

Plaintiff initially participated in rehabilitation efforts but withdrew from them in a relatively short time.

As to the first issue, although the evidence as to the nature and extent of plaintiff's disability is subject to a contrary evaluation, it cannot be said the compensation court's finding that plaintiff is presently totally disabled as a result of the accident is clearly wrong.

We recently observed that whether one is totally disabled depends upon the inability to perform any work in which he has the experience or capacity to perform. *Shaw v. Gooch Feed Mill Corp.*, 210 Neb. 17, 312 N.W.2d 682 (1981). The evidence in this case, superficial as it is, does support a conclusion that plaintiff cannot perform employment for which she has experience or capacity. The fact she does her husband's bookkeeping does not change the foregoing conclusion, for "total disability" does not mean a state of absolute helplessness. One may be so disabled notwithstanding the fact he is able to obtain trivial, occasional employment under rare condi-

tions at small remuneration. *Camp v. Blount Bros. Corp.*, 195 Neb. 459, 238 N.W.2d 634 (1976); *Brockhaus v. L. E. Ball Constr. Co.*, 180 Neb. 737, 145 N.W.2d 341 (1966). There is no showing that plaintiff could do bookkeeping for anyone except her husband or that she could perform such services without help.

Findings of fact made by the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong. *Halbert v. Champion International*, ante p. 200, 337 N.W.2d 764 (1983); *Renshaw v. Merrigol-Adler Bakery*, 212 Neb. 662, 325 N.W.2d 46 (1982). We may not, therefore, disturb the compensation's court's finding of disability.

Issues of causation are also for determination by the fact finder. *Newbanks v. Foursome Package & Bar, Inc.*, 201 Neb. 818, 272 N.W.2d 372 (1978). Therefore, the only question presented by the second issue in this appeal is the evidentiary standard by which causation may be established. Any earlier doubt that causation may be established on the basis of medical probability was removed by *Halbert v. Champion International, supra.* Marginal as the evidence before us is, it is sufficient to sustain the finding of the compensation court that plaintiff's disability is the result of the 1976 accident.

As to the third issue, Neb. Rev. Stat. § 48-162.01(3) (Reissue 1978) provides in part: "When as a result of the injury he [an employee] is unable to perform work for which he has previous training or experience, he shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him to suitable employment."

Defendants argue that plaintiff has not met the test embodied in that language, for she has failed to prove she is unable to perform work for which she

has previous training or experience. The compensation court's finding that plaintiff is totally disabled necessarily implies a finding that she is unable to return to work for which she has previous training or experience. Accordingly, the award by the compensation court of vocational rehabilitation services was proper.

Of course, should plaintiff refuse to participate in these services without reasonable cause, she will, pursuant to the provisions of § 48-162.01(6), place herself in peril of losing some or all of the compensation payments awarded to her.

AFFIRMED.