LARRY J. KOKES, APPELLANT, V. LUDY SHAFER, DOING BUSINESS AS LINCOLN MAYTAG HOME APPLIANCE CENTER, APPELLEE.

339 N.W.2d 292

Filed October 21, 1983. No. 82-811.

Herbert J. Friedman of Friedman Law Offices, for appellant.

Barlow, Johnson, DeMars & Flodman, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

In this frivolous workmen's compensation appeal the employee, Larry J. Kokes, challenges the Nebraska Workmen's Compensation Court's dismissal of his petition for benefits from his employer, Ludy Shafer, doing business as Lincoln Maytag Home Appliance Center. For the reasons discussed hereinafter, we affirm.

On March 4, 1980, Kokes was injured when he was involved in a nonwork-related automobile accident. After a period of convalescence he returned to his employment. On that very day, April 2, 1980, he was involved in an accident arising out of and in the course of his employment when he fell while delivering an appliance to one of his employer's customers. He has not worked since the April occurrence.

Kokes filed suit on March 13, 1981, to recover damages resulting from the automobile accident. In the petition he alleged that as a result of that accident

he received permanent injuries to his neck and lower back. That suit was eventually settled.

Thereafter, on January 13, 1982, Kokes filed a claim against his employer, seeking benefits under the Workmen's Compensation Act. At the rehearing before a three-judge panel of the compensation court, Kokes claimed that the only injuries he received in the automobile accident were to his neck and shoulders and that the first time he experienced low back pain was after the fall at work, during which he struck his back on some steps.

On cross-examination Kokes acknowledged that in his automobile accident petition he claimed low back pain as a result of that accident. In his deposition taken in connection with the automobile accident, he characterized the work incident as one in which his legs collapsed or his back went out, rather than his description to the compensation court that the fall was caused when his helper unexpectedly pulled on the appliance while the two of them were maneuvering down a flight of steps. Kokes also stated in that deposition that he had felt the same pain prior to the work accident as he did afterwards.

Furthermore, the billing statements for medical expenses claimed in connection with the automobile accident were in almost all instances the identical ones entered into evidence in the workmen's compensation case.

Dr. Styner, an orthopedic surgeon, testified by deposition it was his understanding that Kokes had experienced low back pain prior to the fall at work and that the pain was created by the automobile collision, but he also allowed that the fall at work had some contributory influence on Kokes' present back problems. He was unable to state the extent of that influence. Dr. Styner also acknowledged that, in a deposition taken in connection with the automobile collision, he stated that Kokes' back pain was caused by the automobile accident and not the lifting incident. Dr. Spencer, a chiropractor, stated it was

his opinion that the low back pain is caused in equal degree by both occurrences.

Kokes states his assignment of error as follows: "The court erred in finding that plaintiff-appellant suffered no compensable injury from the accident he sustained arising out of and in the course of his employment on April 2, 1982 [sic]." The actual language of the compensation court's operative finding is: "Having considered all the evidence, the court finds that the plaintiff has failed to sustain his burden of proving by a preponderance of the evidence that said disability is due to or was aggravated by his alleged accident of April 2, 1980."

Generally, the matter of a claimant's credibility is for the trier of fact to determine. *Chism v. Convair Mobile Homes, Inc.*, 173 Neb. 86, 112 N.W.2d 393 (1961). However, a litigant may not recite upon oath one statement of fact in one judicial proceeding and thereafter, to meet the exigencies of the case in trial of a different cause, recite an entirely different and inconsistent set of facts. In such a situation the evidence is discredited as a matter of law and will be disregarded. *Momsen v. Nebraska Methodist Hospital*, 210 Neb. 45, 313 N.W.2d 208 (1981); *Nichols v. McArdle*, 170 Neb. 382, 102 N.W.2d 848 (1960).

The shifts in Kokes' positions and statements to meet the exigencies of the matter then at issue discredit him as a matter of law and require that his testimony be disregarded. Stated more directly, Kokes is simply not to be believed.

The question of what caused Kokes' present alleged disability must therefore be resolved solely on the basis of the expert medical evidence.

We have recently reiterated the rule that issues of causation are ones of fact to be determined by the fact finder. *Heironymus v. Jacobsen Transfer, ante* p. 209, 337 N.W.2d 769 (1983). In the opinion of a chiropractor the low back pain is caused in equal degree by both the automobile and work-related accidents. In the ambivalent opinion of the orthopedic

surgeon, the pain was created by the automobile accident but the work incident had some unknown influence on it. In view of the status of the medical evidence on the issue of causation and the incredibility of Kokes' testimony, the oft-stated rule which controls this case is that the findings of the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong. *Friedeman v. State, ante* p. 413, 339 N.W.2d 67 (1983).

The findings of the compensation court are not clearly wrong.

AFFIRMED.