THOMAS W. MOORE, APPELLANT, v. THE SISK CO., ALSO KNOWN AS R. E. SISK & CO., ALSO KNOWN AS R. E. SISK & ASSOCIATES, INC., APPELLEE.

343 N.W.2d 767

Filed February 10, 1984. No. 83-309.

Richard L. Kohn, for appellant.

Deborah K. Long and Stanley D. Cohen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from the Nebraska Workmen's Compensation Court which dismissed the plaintiff's petition because he failed to prove by a preponderance of the evidence that his disability resulted from an accident arising out of and in the course of employment, as defined by the Nebraska workmen's compensation law.

The plaintiff, Thomas Moore, filed this action seeking an award for injuries sustained to his knee as a result of a car accident on Interstate 80 outside of Omaha. A single-judge court determined that his injuries were compensable for 22.5 percent permanent partial disability, and granted vocational rehabilitation services and medical care. Following an application for rehearing filed by the defendant, the three-judge panel entered its order dismissing the petition.

On appeal to this court the only assignment of error necessary for us to consider is the plaintiff's contention that the compensation court erred in finding that plaintiff had failed to sustain his burden of proof to establish that he was injured during the course of his employment.

The plaintiff's accident occurred on the afternoon of December 6, 1977, when he accompanied Alma

Hansen, the driver of the car, en route to Omaha. Plaintiff claims he was on his way to Omaha as an employee of the defendant, The Sisk Co., to deliver a random sampling process and to make a presentation to sell a workshop to the Center Bank, a client of the defendant. Moore further stated he was reviewing notes for his presentation to the bank at the time of the accident.

There is a direct conflict in the testimony offered by the defendant. Alma Hansen, driver of the vehicle in which the plaintiff was a passenger, could not recall the purpose of the trip, but did remember that Moore was not looking over papers on the way to Omaha.

John Roth, who was a former coemployee with Moore, told the court that he had worked on the Center Bank deal, had helped secure the workshop sale scheduled for December 13 and 14, and that following the bank's prior commitment no further action was needed.

On or about October 13, 1977, the plaintiff had secured Center Bank's commitment to attend a December 13 and 14 workshop. Further testimony was offered by Robert Sisk, president of The Sisk Co., that after receiving a call report from Moore and a check from Center Bank, there were no more duties for the salesmen to complete before the seminar.

The plaintiff assigns as one of three errors the finding of the Workmen's Compensation Court that he did not sustain his burden of proving by a preponderance of the evidence that he was injured while in the course of employment.

Under the Nebraska Workmen's Compensation Act the claimant has the burden of proof to establish by a preponderance of the evidence that unexpected or unforeseen injury was in fact caused by the employment. There is no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment. Neb. Rev. Stat. § 48-151(2) (Reissue 1978).

Whether or not travel falls within the scope and course of employment in a particular case must be determined by the facts in each case. *Stoll v. School Dist. (No. 1) of Lincoln*, 207 Neb. 670, 301 N.W.2d 68 (1981). It is also the rule in workmen's compensation cases that the course of employment requirement tests work connection as to time, place, and activity; that is, it demands that the injury be shown to have arisen within the time and space boundaries of the employment, and in the course of an activity whose purpose is related to the employment. *Stoll, supra*.

In reviewing workmen's compensation cases the Supreme Court is not free to weigh the facts anew. Our standard of review accords to the findings of the compensation court the same force and effect as a jury verdict in a civil case, and after a rehearing will not be set aside unless clearly wrong. *Hamer v. Henry*, 215 Neb. 805, 341 N.W.2d 322 (1983). In testing the sufficiency of the evidence to support the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Davis v. Western Electric*, 210 Neb. 771, 317 N.W.2d 68 (1982).

Our review of the record assures us that the evidence was sufficient to sustain the findings of the compensation court. The determination of the Workmen's Compensation Court was not clearly wrong and as such is affirmed.

AFFIRMED.