DON PERSON, APPELLANT, V. RED LION INN, INC.,
APPELLEE.

350 N.W.2d 570

Filed June 22, 1984. No. 83-825.

Garrett Law Office, for appellant.

Rodney G. Gnuse of Schmid, Ford, Mooney & Frederick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal by the employee, Don Person, from a judgment of a three-judge panel of the Nebraska Workmen's Compensation Court, finding that Person suffered a 5-percent permanent partial disability to the body as a whole and denying Person vocational rehabilitation benefits.

Six errors are assigned. Taken together, they relate to three areas: (1) The finding of a minimal disability was not supported by the weight of the evidence. (2) The denial of rehabilitative benefits was not supported by the weight of the evidence. (3) The court erred in not awarding future medical benefits.

Appellant also requests an attorney fee in this court and for services rendered before the three-judge panel.

Person, while in the employ of Red Lion Inn, Inc., on July 30, 1982, slipped and fell as he was carrying dishes and landed on his left elbow and buttocks. He incurred medical and hospital expenses, and he was temporarily totally disabled for a period of 30⅝ weeks, until March 2, 1983, when the temporary total benefits ceased. The degree of disability thereafter is the issue in this case.

We again observe that findings of fact made by the Nebraska Workmen's Compensation Court on rehearing have the same effect as a jury verdict in a civil case, and an award may not be set aside where the findings are supported by the evidence. *Hamer v. Henry*, 215 Neb. 805, 341 N.W.2d 322 (1983). This court does not reweigh the facts.

The judgment is supported by the evidence. Two physicians, Drs. Patrick W. Bowman and Edward M. Schima, who extensively examined Person, testified that they found no objective signs of injury and that disability due to soft-tissue injury did not exceed 5 percent. Another physician, Dr. J. Whitney Kelley, gave a somewhat contrary opinion.

Person urges us to reject the evidence of Drs. Bowman and Schima and accept that of Dr. Kelley. Even if we were so inclined, we are not free to do so. The weight and credibility of expert testimony is for the trier of fact, and, if supported, a finding thereon is binding on us. *Novotny v. Electric Hose & Rubber Co.*, 214 Neb. 216, 333 N.W.2d 406 (1983). The first assignment is without merit.

The three-judge panel could have determined that

rehabilitative training was not indicated as the injuries were so minimal as to not constitute a barrier to employment. That finding is inherent in the failure to award such benefits and is supported by the evidence. The second assignment is also without merit.

There was no evidence presented as to possible future medical expenses, and Person is not entitled under the statute, Neb. Rev. Stat. § 48-125 (Reissue 1978), to an attorney fee either in this court or the court below.

AFFIRMED.