RITA LAFFIN, APPELLANT, V. NELSON ENTERPRIZE, DOING BUSINESS AS KAROUSEL RESTAURANT, APPELLEE.

382 N.W.2d 371

Filed March 7, 1986.   No. 85-541.

Patrick D. Kuehl and Daniel C. Galvin of O'Brien, Galvin & Kuehl, for appellant.

Thomas M. Plaza of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, for appellee.

·BOSLAUGH, WHITE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Rita Laffin, plaintiff, appeals a rehearing order of a three-judge panel of the Nebraska Workmen's Compensation Court dismissing her petition for failure to prove a fall in April 1982 was the cause of injuries to her mid and upper back. She assigns two errors: (1) Undue emphasis was placed on plaintiff's credibility; and (2) The setting aside of her award made by the single judge, and the finding that she had failed to sustain her burden of proof. We affirm.

Laffin, age 42 years, fell April 6, 1982, while picking up two packages of frozen french fries at the Karousel Restaurant, South Sioux City, Nebraska, where she had worked as a cook since September of 1981. At the time, she complained of low back pain; one employee, in fact, massaged her lower back area. She continued working until May 6, 1982, when she quit on the advice of Dr. Clifford J. Meylor, a chiropractor in Sioux City, Iowa, to whom she had gone for treatment for low back pain on April 19, 1982. The low back pain responded to treatment. Later, she complained of mid and upper back pain radiating into her arms and legs, weakness in the legs, and urine retention problems. She later saw an orthopedic surgeon and was referred by Dr. Meylor to a neurosurgeon, who, after a myelogram and CAT scan, diagnosed her condition in August 1982 as a possible ruptured disk at the level of T8-9. She was treated by another neurosurgeon, Dr. Alexander Kleider of Sioux City, Iowa, from December 9, 1982, to April 7, 1983, who recommended surgery to explore the possible T8-9 defects. However, he did not see her again until May 9, 1984, when Laffin was admitted to a hospital on an emergency basis, reporting acute pain when she felt her back "pop" while moving some dishes; Dr. Kleider then performed corrective surgery to repair the T8-9 defects.

The evidence shows that Laffin was in an auto accident in 1968, causing injuries to her neck and head; that she had had bladder problems since the 1960s and mid and upper back pains for more than 3 years prior to April 1982; and that she had fallen down more than three times after April 1982.

There was no error in the panel's making a finding concerning several contradictions in plaintiff's testimony that may have affected her credibility, since the weight and credibility of all evidence is for the trier of fact. *Novotny v. Electric Hose & Rubber Co.*, 214 Neb. 216, 333 N.W.2d 406 (1983). Further, the record supports these findings.

The issue of causation is for the trier of fact. Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not be set aside on appeal unless clearly wrong. In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workmen's Compensation Court after

rehearing, the evidence must be considered in the light most favorable to the successful party. See, *Novotny v. Electric Hose & Rubber Co., supra*; *Maxey v. Fremont Department of Utilities*, 220 Neb. 627, 371 N.W.2d 294 (1985).

In order to sustain the burden of proving causation, the evidence presented by the claimant must be definite and certain to warrant a compensation award. *Masters v. Iowa Beef Processors*, 220 Neb. 835, 374 N.W.2d 21 (1985).

Testimony of one chiropractor and four medical doctors was presented on the issue of causation. There was no firm, direct medical evidence supporting plaintiff's claim of causation. The panel was thus correct in finding that the plaintiff had failed to sustain her burden of proving that her fall on April 6, 1982, caused the injury to her upper back or precipitated the surgery on her thoracic spine and its aftereffects.

AFFIRMED.