VERA FARBER, APPELLANT, V. MASS MERCHANDISERS, INC., APPELLEE.

389 N.W.2d 313

Filed June 27, 1986.   No. 85-618.

Roger C. Lott, for appellant.

Scott A. Burcham of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Following a hearing before one judge of the Nebraska Workers' Compensation Court, plaintiff's petition was

dismissed because the plaintiff failed in her burden of proving by competent medical evidence a causal connection between her alleged injury, the employment, and the disability.

On rehearing before a three-judge panel of the court, plaintiff was found to have suffered a February 2, 1983, accidental injury which arose out of and in the course of her employment. She was awarded temporary total disability payments of $110 per week for 32⁴/₇ weeks up to September 19, 1983, and an additional 6⁴/₇ weeks of disability compensation at "varying" times to the date of her employment termination, as well as certain medical benefits. The defendant was given credit for disability benefits previously paid in the amount of $5,012.15, as well as certain medical expenses paid. However, one of the judges dissented and agreed with the original order of dismissal.

On appeal the plaintiff claims error on the part of the compensation court in failing to award temporary total disability up to the time of the hearing before the court on May 1, 1985. The defendant has not cross-appealed.

The plaintiff, while working for the defendant, bent down to pick up a box when she felt and heard something pop in her back and experienced pain. She reported the incident and, during the ensuing months, was under the treatment of her family physician, an internist specializing in rheumatology, and an orthopedic surgeon. She was also examined by Dr. Horn, another orthopedic surgeon.

Farber, with the exception of 1 day in July, was off work until September 20, 1983. With the exception of some 46 days when she missed work, she returned to and continued in the employment of the defendant until June 25, 1984. She claims to be unable to work because of her physical problems caused by her accident.

Dr. Jacobs, plaintiff's rheumatologist, last saw her on June 12, 1984. He diagnosed her condition as fibrositis and low back strain, and based on her statement to him that her problems all began since the date of her accident, he gave the opinion that her condition and the accident were related. Dr. Jacobs, following an office call by the plaintiff on August 31, 1983, released her for half-time work as of September 6, 1983, and

felt that she could resume full-time work a week later.

The only other medical testimony was that of Dr. Horn. He examined the plaintiff on December 6, 1984. He said that based on the history given him by Farber and his own examination, he was unable to find any orthopedic basis for a diagnosis. He also testified that she had no evidence of any orthopedic disability and that she could return to the same work that she had been doing for the defendant.

On an appeal from an award of the Nebraska Workers' Compensation Court, this court does not reweigh the facts but accords the findings of the compensation court the same force and effect as a jury verdict in a civil case. The findings will not be set aside where they are supported by the evidence and are not clearly wrong. *McLaughlin v. Self-Insurance Servs.*, 219 Neb. 260, 361 N.W.2d 585 (1985). Whether plaintiff remained temporarily totally disabled was a question of fact. *Heironymus v. Jacobsen Transfer*, 215 Neb. 209, 337 N.W.2d 769 (1983).

The evidence in this case clearly supports the factual findings made by the compensation court and as such the court cannot be said to be clearly wrong. Its judgment is affirmed.

AFFIRMED.