EUELL MARION, APPELLANT, V. AMERICAN SMELTING AND REFINING CO., APPELLEE.

222 N. W. 2d 366

Filed October 17, 1974. No. 39389.

458

Larry E. Welch of McGroarty, Welch, Langdon & McGill, for appellant.

Joseph K. Muesey of Fraser, Stryker, Veach, Vaughn & Muesey, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

SPENCER, J.

Plaintiff prosecutes this appeal from the denial of his workmen's compensation claim for disability as a result of two distinct diseases caused by ingestion of lead into his system. A single judge entered an award in favor of the plaintiff. Upon appeal the Nebraska Workmen's Compensation Court en banc, in a split decision, found: "That the plaintiff has failed to maintain the burden of proving by a preponderance of the evidence that there is a causal connection between the disability complained of by the plaintiff and his employment by the defendant and his petition should therefore be dismissed." The District Court affirmed the order of dismissal. Plaintiff perfected his appeal to this court. We affirm.

Plaintiff was employed by the defendant for 5 years, from 1951 through 1956. Prior to that time, he had worked for four major meat packing houses for about 15 years. Plaintiff's petition was filed August 10, 1972, or 16 years after his employment by defendant.

Defendant was in the business of refining lead at the time of plaintiff's employment. Plaintiff worked as a laborer, doing sweeping and cleanup work in the areas where the company melted lead. He also worked as a skimmer, apparently skimming residue off the molten lead in the kettles. Plaintiff testified that prior to 1954, his health was normal. His troubles began thereafter. Defendant's business records indicate that annual urine samples showed plaintiff's lead absorption was apparently normal in 1953 and 1954. No entries were made for 1955 and 1956.

Plaintiff's doctor examined plaintiff in 1972, and found him suffering from gout and hypertension, and suspected that lead was the culprit. Plaintiff's medical witnesses testified they believed plaintiff's illness was secondary to lead intoxication, probably ingested during his employment by defendant, and that his neurological difficulties were consistent with a diagnosis of lead poisoning.

Defendant called medical experts in the area of occupational diseases. They were of the opinion that plaintiff's exposure to lead through his employment with defendant was not the cause of his current disabling medical problems, and suggested alcohol as a more probable cause. These medical experts, who had done considerable research in this particular field, testified positively that there was no relationship between plaintiff's present condition and his employment by the defendant. Additionally, the evidence of plaintiff's experts was considerably weakened or neutralized on cross-examination.

The standard of review in workmen's compensation cases in this court was set out in Gifford v. Ag Lime, Sand & Gravel Co. (1971), 187 Neb. 57, 187 N. W. 2d 285. We there held: "On appeal of a workmen's compensation case to the Supreme Court, if there is reasonable competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set aside for insufficiency of the evidence.

"Upon appellate review of a workmen's compensation case in the Supreme Court, the cause will be considered de novo only where the findings of fact are not supported by the evidence as disclosed by the record."

Where the record in a case reflects nothing more than a resolution of conflicting medical testimony, there appears no purpose in this court substituting its judgment of facts for the judgment of the compensation court. We therefore affirm the dismissal of plaintiff's petition.

Plaintiff devotes several pages of his brief to an attempt to determine whether this court has moved away from the rule of establishing causation to the degree of reasonable certainty to a more liberal rule of establishing causation to a degree of reasonable probability. Actually, this is a distinction without a difference.

In Welke v. City of Ainsworth (1965), 179 Neb. 496, 138 N. W. 2d 808, we defined "probably" as "reasonably; credibly; presumably; in all probability; so far as the evidence shows; and, very likely." We suggested that on many occasions in the past we had said "an award of compensation in a workmen's compensation case may not be based on possibility, *probability,* or speculative evidence," and suggested that a review of those cases indicated that the decisions would have been the same in every instance if we had merely said the award " 'may not be made on possibilities or speculative evidence.' "

We further suggested that in the area of certain disabilities, it is impossible for a reputable doctor to testify with absolute certainty that one cause and one cause alone is the reason for the disability. Absolute certainty is not required. Medical diagnosis is not that exact a science. Even though in most instances a certain result may follow, to be accurate the medical expert hedges by the use of the word "probably." A review of the cases since Welke v. City of Ainsworth, *supra,* demonstrates that reasonable certainty and reasonable prob-

ability mean exactly the same thing when used in medical testimony.

· For the reasons stated, the judgment of dismissal is affirmed.

AFFIRMED.