RUSSELL P. HALBERT, APPELLEE, v. CHAMPION IINTERNATIONAL, DOING BUSINESS AS FEDERAL ENVELOPE, APPELLANT.

337 N.W.2d 764

Filed August 12, 1983.   No. 82-574.

Patrick B. Donahue of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Lyman L. Larsen and William M. Lamson, Jr., of Kennedy, Holland, DeLacy & Svoboda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

This is an appeal from a judgment of the Workmen's Compensation Court on rehearing, finding that appellee, Russell P. Halbert, sustained an accident and disability arising out of and in the course of his employment with appellant, Champion International.

Appellant assigns errors in two categories: (1) That the compensation court erred in finding that appellee sustained an accident arising out of and in the course of his employment; and (2) That the compensation court erred in finding that appellee sustained his burden to establish that the disability was caused by the accident.

The first assignment is without merit. Although disputed, there are facts which, if believed, would justify the finding that appellee sustained an accident arising out of and in the course of his employment. Those findings are not clearly wrong and will not be set aside on appeal. *Novotny v. Electric*

*Hose & Rubber Co.*, 214 Neb. 216, 333 N.W.2d 406 (1983).

The second assignment of error relates to the sufficiency of the testimony of Dr. Lonnie Richard Mercier, an orthopedic surgeon and the only physician whose testimony was offered by the parties. The entire testimony relating to causation is as follows: "Q. Do you have an opinion within a reasonable degree of medical certainty as to what was causing the crampy-type pain in the leg? MR. DONAHUE: I object, lack of foundation. THE WITNESS: If this pain was in the same leg, that is the right leg, which he had pain in at the time that I saw him, then it's *very, very possible* that this was all related to his back problem, and the rupture of the disc with the pain radiating down the leg. That is certainly consistent. Q. So leg pain is consistent with a ruptured disc? A. That's correct. Q. I want you to assume these facts to be true for purposes of my question. I want you to assume that in July of 1981 Mr. Halbert was at work for Federal Envelope Company; at that time he experienced an episode where he was working on a platform, his foot slipped off the platform and he caught himself, but at that time he jerked his back, he experienced a severe pain in his back at the time, thinking it was a muscle pull. For the next one to two weeks he had a progressive weakening of his right foot and leg. He thought it was going to go away. He sought no real medical treatment at that time. Later on he seeks medical treatment, primarily from Doctor Gacke and yourself. Assuming those facts to be true, do you have an opinion within a reasonable degree of medical probability as to whether or not the accident in late July of 1981 was the proximate cause of the back pain and leg pain he was suffering in September of '81 when you saw him. First of all do you have an opinion? A. Yes, I do. Q. Would you give us your opinion, please? MR. DONAHUE: Objection, lack of foundation, and it assumes facts not in evidence. THE WITNESS: I

would say that if there were no other history of injury, other than the July injury, and that the pain in the back continued on fairly consistently, then it is *very probable* that that injury is directly related to his present problem for which I saw him in September of '81. Q. (By Mr. Lamson) So that the injury relates back to this accident in July? A. It would seem, according to that history, yes." (Emphasis supplied.)

The second assignment has two aspects: first, whether the testimony of the claimant's witness that it was "very probable" that the injury related to the accident is legally sufficient to meet the claimant's burden of proof, and second, whether the answer to the hypothetical question must be disregarded as based on an assumed fact shown not to be true. We will discuss the first aspect.

In *Wayne County v. Lessman*, 136 Neb. 311, 322, 285 N.W. 579, 584 (1939), this court said: "In compensation cases the burden of proof is always upon the claimant to prove by a preponderance of the evidence that the injury was caused to the employee by an accident arising out of, and in the course of, his employment. This means that the claimant must show with reasonable certainty that the alleged injury occurred, and that it was caused by an accident. . . ." Further, we stated at 321, 285 N.W. at 584, that it "has been held by this court that we do not recognize the doctrine that, because an injury may probably be the cause of an ailment, the court should so find, for our rule is that awards of compensation are not based upon possibilities or probabilities, but only upon sufficient evidence showing that the claimant has incurred a disability arising out of, and in the course of, his employment, and that this proof must be made by substantial evidence leading either to the direct conclusion or to a legitimate inference that such is the fact. *Saxton v. Sinclair Refining Co.*, 125 Neb. 468, 250 N.W. 655." We have consistently applied the rule. In *Caradori v. Fron-*

*tier Airlines*, 213 Neb. 513, 329 N.W.2d 865 (1983), we there held that a physician's opinion that the accident "could have" caused the injury was insufficient as a matter of law to carry the employee's burden. See, also, *Hatting v. Farmers Co-op Assn.*, 212 Neb. 242, 322 N.W.2d 423 (1982); *Renshaw v. Merrigol-Adler Bakery*, 212 Neb. 662, 325 N.W.2d 46 (1982); *Narduzzo v. Sunderland Bros.*, 212 Neb. 852, 326 N.W.2d 673 (1982); *Husted v. Peter Kiewit & Sons Constr. Co.*, 210 Neb. 109, 313 N.W.2d 248 (1981).

However clear the concept of "substantial evidence" leading to the direct conclusion of an employment-related disability, see *Saxton v. Sinclair Refining Co.*, 125 Neb. 468, 250 N.W. 655 (1933), we have struggled with the formula by which expert evidence establishes that conclusion. In *Welke v. City of Ainsworth*, 179 Neb. 496, 504-05, 138 N.W.2d 808, 813 (1965), we said: "Where . . . the inferences are not equally consistent and the more probable conclusion is that for which the claimant contends, then the claimant sustains his burden of proof on the element involved." A strong dissent suggested that probabilities were not sufficient to sustain the claimant's burden. In *Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 308 N.W.2d 503 (1981), we stated: "Although it is frequently stated that medical testimony must be given with 'reasonable medical certainty,' it is sufficient when such testimony is stated in terms of 'probability.' In this connection, 'reasonable certainty' and 'reasonable probability' are one and the same thing." (Syllabus of the court.) The first aspect of the assignment is therefore without merit.

As to the second aspect, the answer of Dr. Mercier poses as a condition to his opinion "that the pain in the back continued on fairly consistently." However, it is conceded that any back pain suffered by the claimant vanished 15 minutes after the accident, to be replaced by a referred pain in the leg. It is also true, as claimant suggests, that on the hospital

admission sheet the claimant was admitted as suffering back pain and that Dr. Mercier further testified that the leg pain resulted from the "rupture of the disc with the pain radiating down the leg."

After a complete reading of the record we are convinced, as was the Workmen's Compensation Court, that the condition of which the claimant complained was at all times known both to the employer and to the examining and treating physicians, including Dr. Mercier. We are convinced that the minor inaccuracy in the hypothesis of Dr. Mercier is not sufficient to warrant striking his evidence. *Campbell v. City of North Platte*, 178 Neb. 244, 132 N.W.2d 876 (1965).

Finding no error, the judgment of the Workmen's Compensation Court is affirmed.

AFFIRMED.