FREDDIE LEE HARE, APPELLEE AND CROSS-APPELLANT, V. WATTS TRUCKING SERVICE, APPELLANT AND CROSS-APPELLEE.

370 N.W.2d 143

Filed July 5, 1985.   No. 84-708.

Joni R. Kerr of Kennedy, Holland, DeLacy & Svoboda, for appellant.

David T. Siegel of Weinberg & Weinberg, P.C., for appellee.

BOSLAUGH, WHITE, and HASTINGS, JJ., and BRODKEY, J., Retired, and FAHRNBRUCH, D.J.

WHITE, J.

This is an appeal by Watts Trucking Service of an award from the determination by the three-judge panel of the Workmen's Compensation Court that appellee Hare suffered injuries to his right hand, back, and right knee arising out of and in the course of his employment as an employee of Watts Trucking Service as a garbage collector on August 30, 1982. The court awarded certain medical and hospital expenses totaling $551.75 to Hare and determined that Hare was temporarily totally disabled for a period of $2^5/_7$ weeks and thereafter sustained a 10-percent permanent partial disability to his body as a whole and a 10-percent loss of the use of his right leg. The court further determined that Watts was entitled to credit for certain payments made to the hospital and the doctor, in the sum of $166.75, and for compensation benefits paid Hare.

Watts urges as error the Workmen's Compensation Court's determination that Hare suffered a permanent partial disability to the leg and body as a whole and the compensation court's determination awarding payment of Dr. Maurice F. Quinlan's bill totaling $445. Hare cross-appeals and urges as error the finding that the permanent partial disability to Hare's right leg and body as a whole was limited to 10 percent instead of the 40 percent testified to by his expert witness. Hare further alleges as error the failure of the compensation court to award plaintiff vocational rehabilitation services and the failure to award Hare future medical and hospital services likely to be incurred as the result of the injury of August 30, 1982. We affirm in part and reverse in part and remand for further proceedings.

The parties stipulated that Hare was injured in an accident on August 30, 1982, arising out of and in the course of his employment and that the accident was promptly reported. The difficulty arises over the nature of the complaints made by Hare at the first visit to the emergency room at the Immanuel Medical Center and later in his followup visits to Dr. Quinlan. During the visit to the emergency room, Hare was treated for a broken finger in his right hand and made no complaint of an injury to his knee or back, nor did Hare apparently recite, on his first visit to Dr. Quinlan, that his knee and back were injured. Dr. Quinlan testified that in subsequent visits Hare did inform Dr. Quinlan of the complaints about his knee and back, which Hare stated resulted from the accident of August 30, 1982.

Hare was in the process of lifting a garbage can when his leg slipped on an object not identified. Hare fell, striking his hand on a garbage can rim as he fell, breaking the finger. It was at this same time, Hare maintained before the compensation court, that he injured his leg and back. Hare testified that he did not mention the back and leg at the time of the first visit because he was fearful that Watts would discharge him. He testified that other employees who had received injuries arising out of and in the course of employment were subsequently discharged by Watts. Hare was quite concerned about keeping his job. Dr. Quinlan also testified that Hare told him that the reason he did not immediately complain about the injury to the back and leg was his fear of his loss of employment. The compensation court

chose to believe Hare as to the reason for the late reporting of the leg and back injury, and that finding of fact is binding on us. Neb. Rev. Stat. § 48-185 (Reissue 1984); *Mulder v. Minnesota Mining & Mfg. Co.*, 219 Neb. 241, 361 N.W.2d 572 (1985).

The principal issue raised by appellant's first assignment of error relates to the testimony of Dr. Quinlan with respect to his determination of causation. The record shows that Hare attended the University of Nebraska at Lincoln, where he was engaged in intercollegiate basketball competition. There he was injured and subsequently submitted to surgery to his right knee. The evidence further disclosed that while working as a construction laborer in Colorado, Hare was severely injured in a construction accident when he was pulled into a conveyor system. In the accident Hare apparently suffered fractures of the left shoulder and lumbar spine.

Watts argued in its brief:

> [Appellant] also failed to sustain his burden of proving by competent medical testimony, that there was a causal connection between the accident and alleged disability. . . .
>
> Dr. Quinlan testified that it was "likely" that Hare's pre-existing problems with his knee was [sic] exacerbated by the fall. Dr. Quinlan further testified that it was "very likely" that Hare's pre-existing back and shoulder problems were exacerbated by the fall, although musculoskeletal complaints were frequently seen in people of the [appellant's] age group "just due to getting older."

Brief for Appellant at 23-24. Appellant maintains that this testimony was legally insufficient because it was not stated with reasonable certainty or reasonable probability. *Halbert v. Champion International*, 215 Neb. 200, 337 N.W.2d 764 (1983).

Appellant misapprehends the holding in *Halbert*. As we noted in *Halbert*, however, the object of the evidentiary standard was the elicitation of "substantial evidence" leading to the direct conclusion of an employment-related disability. *Saxton v. Sinclair Refining Co.*, 125 Neb. 468, 250 N.W. 655 (1933). We also cited with approval in *Halbert, Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 308 N.W.2d 503 (1981), which quoted *Marion v. American Smelting & Refining Co.*, 192 Neb. 457, 222 N.W.2d 366 (1974). In *Welke v.*

*City of Ainsworth*, 179 Neb. 496, 502, 138 N.W.2d 808, 812 (1965), we defined "probably" as " '[r]easonably; credibly; presumably. In all probability; very likely . . . .' " We suggested that on many occasions in the past we had said an award of compensation in a workmen's compensation case may not be based on possibility, probability, or speculative evidence, and suggested that review of those cases indicated that the decision would have been the same in every instance if we had merely said the award may not be made on possibilities or speculative evidence.

The testimony of Dr. Quinlan was direct and responsive when asked whether or not the plaintiff's complaint of back and knee injuries was caused by the accident of August 30, 1982. He answered yes. The answer, although not cast in the preferred formula that the law seems to favor and without exploring the reasons why that answer was adopted, satisfies the earlier and compelling test of substantial evidence leading to a direct conclusion of an employment-related disability. The assignment of error is without merit.

As to the second assignment of error, we have determined that appellant was charged for items not related to the injury. An employer is liable only for those reasonable medical expenses incurred as a result of a compensable accident. Neb. Rev. Stat. § 48-120 (Reissue 1984). Expenses not shown by the evidence to have been incurred as a result of a compensable accident are not allowable as charges against the employer. *Harrington v. Missouri Valley Constr. Co.*, 182 Neb. 434, 155 N.W.2d 355 (1967). The findings of the compensation court have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Starr v. Swift & Co.*, 218 Neb. 223, 353 N.W.2d 1 (1984).

However, where there is not sufficient competent evidence to support an award, this court must modify, reverse, or set aside the award. § 48-185; *Niesen v. Logan County Co-op Oil Assn.*, 215 Neb. 587, 340 N.W.2d 146 (1983). The compensation court's award of $445 in payment of Dr. Quinlan's bill is wrong. The statement from Dr. Quinlan contained several items that were not related to the injury. On January 31, 1983, Hare was seen by Dr. Quinlan for flu and tendinitis of the right arm and

was charged $106. Hare's petition did not allege an injury to the right arm. On May 9, 1983, Hare was charged $15 for a premarital blood test. On January 3, 1984, Hare was charged $50 for a consultation with Dr. Quinlan concerning items not related to his injury. Deducting these items from Dr. Quinlan's bill results in a balance of $274, minus the amount already credited, to be paid by the appellee. Since the employer, Watts Trucking Service, received a reduction of the award of the compensation court, the employee's attorney fees in this court will not be taxed as costs against the employer. Neb. Rev. Stat. § 48-125 (Reissue 1984).

As to the cross-appeal, a more difficult situation presents itself. Dr. Quinlan testified that the degree of total permanent partial disability incurred by Hare was 40 percent of his body as a whole. The compensation court held, in effect, that Dr. Quinlan failed to account satisfactorily for the preexisting injuries received in the Colorado accident, the medical records of which were received into evidence by the compensation court. We are unable to discover a case that is precisely on point where the medical evidence is undisputed. However, as a general rule, the Nebraska Workmen's Compensation Court is not required to take the opinion of an expert as binding upon it. *Mulder v. Minnesota Mining & Mfg. Co.*, 219 Neb. 241, 361 N.W.2d 572 (1985); *Hamer v. Henry*, 215 Neb. 805, 341 N.W.2d 322 (1983); *Novotny v. Electric Hose & Rubber Co.*, 214 Neb. 216, 333 N.W.2d 406 (1983). Nor is the value of an expert's opinion stronger than the facts upon which it is based. *Davis v. Western Electric*, 210 Neb. 771, 317 N.W.2d 68 (1982).

Dr. Quinlan evaluated Hare's back injury as resulting in a 40-percent disability to the body as a whole. The probative value of this opinion was apparently diminished in the judgment of the compensation court due to Dr. Quinlan's lack of knowledge of the extent of Hare's previous back injury. As the judgment of the compensation court determining that the disability of 10 percent is supported by competent evidence in the record, that conclusion is binding upon us and we are not free to substitute our judgment for that of the compensation court. § 48-185; *Mulder, supra*; *Paris v. J. A. Baldwin Mfg. Co.*, 216 Neb. 151, 342 N.W.2d 198 (1984).

As to the issue of whether Hare was entitled to vocational rehabilitation, that issue was not determined by the compensation court. As we are an appellate court, we are not free to substitute our judgment for that of the compensation court, but simply review the decision for error. We cannot decide the matter here. The matter must be remanded to the compensation court for determination. We decline to accept as conclusive, as Watts would have us do, that the possession of a college diploma necessarily means that Hare is equipped to engage in a vocation other than one involving heavy labor, which Dr. Quinlan testifies that, from whatever cause, Hare is no longer able to perform.

The appellee also claimed future medical expenses in his cross-appeal. Since there was no evidence presented as to future medical expenses as a result of the accident on August 30, 1982, we cannot award such expenses. Until the employee receives an increase in the award of the compensation court, no attorney fees are allowed. § 48-125.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.