MARY K. SANCHEZ, APPELLANT, V. FRANK N. DERBY AND BLANCHE CONRAD, APPELLEES.

423 N.W.2d 420

Filed May 13, 1988.   No. 86-360.

Daniel B. Cullan and Virginia L. Cullan of Cullan, Cullan & Morrison, for appellant.

Edward G. Warin and Lynn A. Mitchell of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee Derby.

Daniel P. Chesire and James L. Schneider of Kennedy, Holland, DeLacy & Svoboda, for appellee Conrad.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and WOLF and McGINN, D. JJ.

PER CURIAM.

The sole issue in this case is whether the trial court erred in limiting the testimony of a board-certified neuropsychologist regarding brain damage allegedly suffered by the plaintiff, Mary K. Sanchez, in an automobile accident. We find the trial court was correct in its ruling.

Sanchez sued Frank N. Derby and Blanche Conrad, defendants, for injuries Sanchez allegedly sustained as a result of a rear end automobile collision on Interstate 680 in Omaha on April 21, 1982. Following trial, the jury awarded Sanchez $4,808.20, to be paid by both defendants. We affirm.

At trial, Sanchez called Charles J. Golden, Ph.D., a board-certified neuropsychologist, as an expert witness. Sanchez had been referred to Dr. Golden by her attorney and by Dr. Harold Ladwig, her neurologist. Dr. Golden, a licensed psychologist, first evaluated Sanchez in November 1984. He interviewed and tested Sanchez. Dr. Golden reviewed plaintiff's medical records, which included history of care and treatment at Bergan Mercy Hospital, Immanuel Medical Center, and Omaha Neurological Clinic, as well as records from Sanchez' mental health counselor, a psychiatrist, and her obstetrician-gynecologist. Dr. Golden determined that Sanchez was suffering from a chronic pain syndrome. That means she had a pain problem for more than 6 months which had not responded to medical treatment and that it "was not going away."

In ruling upon an objection, the trial judge held that Dr. Golden would only be permitted to testify that the pain plaintiff was experiencing was tied to soft-tissue injuries received in the accident.

Plaintiff claims that Dr. Golden should have been permitted to testify to his opinion as it is contained in the following offer of proof:

> [T]he client [Sanchez] presents a clinical picture of a somewhat histrionic individual whose premorbid status was that of an individual with marginal coping skills and resources. Since the accident of April 1982 there has been

a significant decline in level of function as well as an exacerbation of her histrionic tendencies. The *most probable causes* [sic] of this behavioral change is *either* (1) a combination of a post traumatic stress disorder and a reaction to chronic pain in a previously marginal personality *or* (2) an organic affective disorder secondary to mild subcortical brain injury (around the orbital frontal areas) which *can* occur in accidents such as this.

While it is possible at this time to state firmly that *one of these causes is indeed the most probable cause of her problems* as the problems clearly date from the time of the accident as well as follow the pattern expected in such disorders, *it is not possible to choose between them* at present. The type of mild subcortical brain dysfunction which *could cause this type of injury cannot [by] itself be easily identified by objective tests which are currently clinically available.* Although the pattern of the disorder (especially the denial, the inability to recognize the nature of her problems, and the somewhat primitive thought patterns associated with her analysis of emotion) is consistent with such a diagnosis, it *can* also represent in this woman an intensification because of a post traumatic stress disorder related to the accident itself and the chronic physical pain which ensued from the accident.

(Emphasis supplied.)

Contrary to plaintiff's contention, the narrow question on appeal is not whether Dr. Golden is qualified as an expert regarding brain damage, but whether the trial judge abused his discretion in excluding the testimony of Dr. Golden on the particular issue in question.

Dispositive of that question is whether Dr. Golden's excluded testimony would supply specialized knowledge which would aid the jury in understanding the evidence or in determining a fact in issue. Neb. Rev. Stat. § 27-702 (Reissue 1985).

The admission or exclusion of expert testimony is largely within the broad discretion of the trial court. To obtain reversal on the grounds of the exclusion of evidence, an abuse of discretion must be shown. See, *Lincoln East Bancshares v. Rierden*, 225 Neb. 440, 406 N.W.2d 337 (1987); *Bay v. House*,

226 Neb. 521, 412 N.W.2d 466 (1987); *Johannes v. McNeil Real Estate Fund VIII*, 225 Neb. 283, 404 N.W.2d 424 (1987); *Aetna Cas. & Surety Co. v. Nielsen*, 222 Neb. 92, 382 N.W.2d 328 (1986); *State v. Schenck*, 222 Neb. 523, 384 N.W.2d 642 (1986).

Here, the trial judge found that to allow Dr. Golden's opinion testimony with respect to the cause of Sanchez' behavioral change would be to invite a jury to speculate on the testimony of an expert. The expert must possess facts which enable him to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture. *State v. Johnson*, 215 Neb. 391, 338 N.W.2d 769 (1983). Dr. Golden's opinion as stated in the offer of proof is couched in alternatives, one of which is no more than a "possibility" and does not meet the certainty required. See, *Hare v. Watts Trucking Service*, 220 Neb. 403, 370 N.W.2d 143 (1985); *Scott v. State*, 218 Neb. 195, 352 N.W.2d 890 (1984); *Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 308 N.W.2d 503 (1981).

The trial judge did not abuse his discretion in excluding Dr. Golden's opinion as set forth in the offer of proof. The verdict and judgment of the trial court should be affirmed.

AFFIRMED.

WHITE, J., dissenting.

The record in this case clearly indicates that the trial judge excluded Dr. Golden's testimony regarding "brain injury" because no "medical doctors" had testified to such an injury. Thus, the exclusion was based on the judge's belief that Dr. Golden was not qualified to render an opinion as to the presence of a brain injury in the plaintiff. I dissent from any suggestion created by the majority opinion that a neuropsychologist is not evidentially equipped, due to the lack of a medical degree, to render an expert opinion regarding the existence of a condition which is clinically known to produce a behavior disorder such as that seen in the plaintiff.

Obviously, plaintiff was attempting to prove that the accident caused certain disabling behavior changes which amounted to a compensable injury. Not all injuries are capable of producing observable physical manifestations. Physicians often must rely solely on a patient's description of symptoms when making a diagnosis. This is equally true for psychologists,

who must diagnose and treat emotional illnesses that they cannot see, hear, or touch. Yet these symptoms (pain, behavior changes, etc.) are real and often debilitating to a patient, both psychologically and physically.

I cannot agree with the majority's conclusion that Dr. Golden's opinion, because it was couched in alternatives, does not meet the required certainty standard. Dr. Golden was prepared to testify that one of only two probable causes existed to explain plaintiff's behavior changes. Both of these causes related to a traumatic injury, and both would be compensable. This court noted in *Marion v. American Smelting & Refining Co.*, 192 Neb. 457, 460, 222 N.W.2d 366, 368-69 (1974), that "it is impossible for a reputable doctor to testify with absolute certainty that one cause and one cause alone is the reason for [a] disability. Absolute certainty is not required. Medical diagnosis is not that exact a science."

Plaintiff should not be denied adequate compensation simply because an alternative diagnosis cannot be ruled out as a probable causation factor. Dr. Golden's opinion regarding a brain injury was not based on mere guess or conjecture. The opinion was based on facts ascertained from interviews, tests, and a medical history review, which ultimately resulted in a diagnosis based on the expertise of this witness. Any questioning of the basis for Dr. Golden's opinion should go to its weight and credibility, not to its admissibility.

The lack of a medical degree should not be an automatic disqualification of an expert's opinion. If the defendants wished to challenge the credibility or integrity of Dr. Golden's opinion, the options of cross-examination and rebuttal expert witnesses are always available. I believe Dr. Golden's testimony should have been allowed.

HASTINGS, C.J., joins in this dissent.

FAHRNBRUCH, J., concurring.

I agree with the majority opinion. The thrust of that opinion is not whether Dr. Golden was equipped to testify as an expert on brain damage. The thrust of the majority opinion is that Dr. Golden's opinion as stated in the offer of proof was inadmissible because it is couched in alternatives, one of which

is no more than a "possibility" and does not meet the certainty required. I concur that Dr. Golden's opinion set forth in the offer of proof was not admissible at trial.

On appeal, a trial judge's reason for excluding expert testimony is not controlling. The issue is whether the trial judge's ruling achieved a correct result. A correct result will not be reversed merely because a trial judge reached that correct result for an incorrect reason. *Parker v. St. Elizabeth Comm. Health Ctr.*, 226 Neb. 526, 412 N.W.2d 469 (1987); *Gordman Properties Co. v. Board of Equal.*, 225 Neb. 169, 403 N.W.2d 366 (1987).

It should further be pointed out that Mary Sanchez, the plaintiff in this case, was permitted through the testimony of Dr. Golden to place before the jury substantial compensable damages.

Dr. Golden was permitted to testify before the jury as to plaintiff's pain, behavior changes, the onset of headaches and pain in plaintiff's back and left hand, numbness in her face, and a variety of other problems. Dr. Golden was asked if the plaintiff suffered from any disorders, to which he responded in the affirmative. He testified that in his opinion the plaintiff was suffering from a chronic pain syndrome; had pain in her neck, headaches that were very frequent and at times continuous, difficulties with anxiety and depression, weakness, and some weakness in her left hand; and that

> her moods would swing from depression to being very happy to going back to depression again fairly unexpectedly and without—not easily predictable. And basically the diagnosis of the chronic pain syndrome means that she had a pain problem for more than six months that had not responded to medical treatment and that was not changing, was not going away.

Dr. Golden further testified that the plaintiff's chronic pain syndrome was caused by the accident she had in April of 1982, the accident that has relevancy to this case.

Dr. Golden was permitted to testify over objection that he had an opinion as to whether the plaintiff's condition he had described as a posttraumatic stress disorder and reaction to chronic pain in a previously marginal personality was a

disabling condition. He then testified:

> At the present time in terms of her capacity to work, we find that it is . . . 100% disabling; that in her current condition at that time as well as now, she would not be able to hold a job successfully. In terms of her overall life adjustment, the disability would be about 35%.

Dr. Golden was also permitted to testify that the cost of treatment for the plaintiff's condition would be in the range of $25,000 to $50,000 and that the treatment would last up to 50 weeks. He also testified that the residual 35-percent disability in the future would last the rest of plaintiff's life as a result "of this incident" if she did not receive proper treatment.

The issue decided by the majority opinion is not the competency of Dr. Golden to testify as to brain damage. I agree with the majority that Dr. Golden's opinion as stated in the offer of proof is couched in alternatives, one of which is no more than a "possibility" and does not meet the certainty required.