RAUL CASTRO, APPELLANT AND CROSS-APPELLEE, V. GILLETTE
GROUP, INC., DOING BUSINESS AS PACKERLAND, AND CIGNA
PROPERTY AND CASUALTY CO., APPELLEES AND
CROSS-APPELLANTS.

479 N.W.2d 460

Filed January 31, 1992.   No. 91-223.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellant.

Melvin C. Hansen and Matthew J. Buckley, of Hansen, Engles & Locher, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Raul Castro appeals a Workers' Compensation Court rehearing decision in which the court found that the appellant had been permanently and partially disabled as a result of an

injury during the course of his employment with appellee Gillette Group, Inc., doing business as Packerland. The court further found that claimant was entitled to future medical services, but had not sufficiently established that pain therapy was reasonably necessary treatment.

On November 28, 1988, while employed by Packerland meatpacking plant as a chuck operator, appellant suffered injuries to his left shoulder when a portion of a bull carcass swung away from him while the hook which appellant was holding in his left hand was still embedded in the carcass.

Appellees cross-appeal, contending that appellant actually injured his shoulder off the job on November 16 when he fell on the ice at home, scraping his nose and injuring his left anterior chest. Appellant's doctor wrote a note to Packerland stating that appellant should not return to work until November 28. Appellant did return to work on that date and was injured in the above-mentioned incident.

Castro assigns as error the following determinations of the Workers' Compensation Court: (1) the denial of appellant's pain clinic treatment and/or rehabilitation as a medical expense; (2) the determination that appellant had reached maximum medical improvement as of March 7, 1990; (3) the termination of appellant's temporary total disability, effective March 7, 1990; and (4) the determination of the extent of appellant's permanent disability. The appellees, Gillette and CIGNA Property and Casualty Co., cross-appeal, assigning as error the Workers' Compensation Court's determination that the appellant's injury arose out of and in the course of his employment.

Findings of fact by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside on appeal unless clearly wrong. *Cline v. County Seat Lounge, ante* p. 42, 473 N.W.2d 404 (1991). In testing the sufficiency of the evidence to support findings of fact made by the court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Id.*

Regarding the first assignment of error, which questions the court's denial of pain clinic treatment as a medical expense,

appellant has failed to establish that the Workers' Compensation Court was clearly wrong. The assigned error is without merit.

Under the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-120 (Reissue 1988) provides that an employer shall be liable for all reasonable medical services, as and when needed, which are required by the nature of the injury and which will relieve pain and hasten the employee's restoration to health and employment.

The evidence on rehearing showed that Dr. Wendell Ropp, when asked in his first deposition whether a pain clinic could improve appellant's condition, responded, "I would hope that it would." In his second deposition, Dr. Ropp testified, "Well, it's my opinion that he has a chronic pain condition that *might* be improved through a pain clinic" (emphasis supplied), and later commented, "[W]e should exhaust every possibility for minimizing that complaint before assessing a permanent impairment because of pain."

A medical expert's opinion is not sufficient as a matter of law to support a workers' compensation claim unless it is based on a reasonable degree of medical certainty or a reasonable probability. See *Miner v. Robertson Home Furnishing, ante* p. 525, 476 N.W.2d 854 (1991).

In *Welke v. City of Ainsworth*, 179 Neb. 496, 138 N.W.2d 808 (1965), this court set the standard for determining whether an expert's opinion is sufficient to support a workers' compensation claim. We held that when a physician's testimony

> gives rise to conflicting inferences of *equal* degree of probability so that the choice between them is a mere matter of conjecture, a compensation award cannot be sustained. Where, however, the inferences are not equally consistent and the more probable conclusion is that for which the claimant contends, then the claimant sustains his burden of proof on the element involved.

(Emphasis supplied.) *Id*. at 504-05, 138 N.W.2d at 813.

Because Dr. Ropp's testimony regarding the necessity of the pain clinic was couched in terms of possibility and hopefulness, rather than probability to a reasonable degree of medical certainty, the Workers' Compensation Court's denial of that

service was not erroneous.

As to the second, third, and fourth assignments of error, we respectively affirm. Assignments Nos. 2 and 3 essentially complain of the same determination. Substantial evidence existed to support the determination. Dr. Ropp testified that appellant's condition seemed "static and chronic at this point."

As to appellant's permanent disability, Dr. Ropp was of the opinion that appellant had shown few objective signs of residual injury, with the exception of the persisting pain that limits the use and range of movement in his left arm. Dr. Ropp had perceived no improvement in the condition of his patient over the course of a full year and considered his patient's pain to be chronic and static. Finally, Dr. Ropp had estimated appellant's permanent disability at 40 to 50 percent of the function of his upper extremity. Appellant's impairment has occurred to a scheduled member, which is an injury compensated on the basis of loss of physical function. The Workers' Compensation Court accordingly awarded the appellant a 50-percent permanent partial impairment to his left arm. The record does not support appellant's contention that he suffers from a whole-body injury.

For the aforementioned reasons, the Workers' Compensation Court deemed appellant's condition to be permanent. The assignment is not meritorious.

In view of today's holding, we must also deny appellant's request for attorney fees. Appellant may not recover attorney fees, as he did not succeed in obtaining an increase in his award, as required by Neb. Rev. Stat. § 48-125 (Supp. 1991).

As to appellees' cross-appeal of the court's determination that appellant's injury arose out of and in the course of his employment, we affirm.

A basic tenet of workers' compensation law is that the issue of causation of an injury or disability is one for determination by the trier of fact, whose findings will not be set aside unless clearly wrong. *Way v. Hendricks Sodding & Landscaping, Inc.*, 236 Neb. 519, 462 N.W.2d 99 (1990).

We have held in previous workers' compensation decisions that where the inferences are not equally consistent and the more probable conclusion is that for which the claimant

contends, then the claimant sustains his burden of proof on the element involved. See *Halbert v. Champion International*, 215 Neb. 200, 337 N.W.2d 764 (1983).

If a claimant has adduced competent evidence having probative value which preponderantly convinces the trier or triers of fact that the claimant had an accident and incurred a disability arising out of and in the course of his employment, notwithstanding that the trier or triers of fact may recognize a possibility or even a probability that this was not true, an award of compensation thereon is proper and on appeal must be sustained. *Welke v. City of Ainsworth, supra*.

While the evidence indeed suggested a possibility that Castro's shoulder injury initially arose from his fall on the ice at home on November 16, ample evidence existed through the deposed physicians to support the panel's determination that he was injured at work on November 28, and we cannot hold that the Workers' Compensation Court was clearly wrong.

AFFIRMED.