IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

SANFORD V. LINCOLN POULTRY & EGG CO.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MELISSA A. SANFORD, APPELLANT,

V.

LINCOLN POULTRY & EGG CO., INC., AND CONTINENTAL WESTERN INSURANCE, APPELLEES.

Filed December 26, 2017.    No. A-17-651.

Appeal from the Workers' Compensation Court: JOHN R. HOFFERT, Judge. Affirmed.

Jamie Gaylene Scholz, of Miner, Scholz & Associates, P.C., L.L.O., for appellant.

Patrick B. Donahue and Dennis R. Riekenberg, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Melissa A. Sanford appeals from an order of the Workers' Compensation Court sustaining in part and in part overruling her motion to compel Lincoln Poultry & Egg Co., Inc. (Lincoln Poultry), and Continental Western Insurance (Continental) to pay medical expenses. For the reasons that follow, we affirm.

## BACKGROUND

Sanford was employed at Lincoln Poultry as an account executive. In the course of her employment on September 29, 2008, she was involved in an automobile accident that resulted in injury. In the parties' application for approval of lump sum settlement agreement, which was filed in August 2014, the parties stipulated that as a result of this compensable accident, Sanford "suffered injuries to her neck, back, abdomen, hip, depression and brain." The parties agreed that

- 1 -

Lincoln Poultry and Continental had paid medical and hospital expenses for Sanford in the amount of $49,638.12 and would pay an additional $757.84 in medical expenses upon approval of their settlement. The parties further agreed that Lincoln Poultry and Continental would pay Sanford a lump sum of $210,000 for all of her indemnity claims arising out of the accident. The settlement agreement stated that Sanford "shall retain her right to future treatment for injuries causally related to the September 29, 2008 accident and injury. [Sanford's] right to future medical care is governed by Neb. Rev. Stat. § 48-120."

The Workers' Compensation Court entered an order in September 2014 approving the parties' application for lump sum settlement. Specifically, the court ordered that upon payment of $210,000 in indemnity by Lincoln Poultry and Continental to Sanford, and payment of $757.84 in medical expenses, the defendants would be discharged for all further liability for the accident and injuries of September 29, 2008, except that they would remain liable for medical expenses related to that accident as provided by § 48-120.

In March 2017, Sanford filed a motion to compel payment of medical expenses and for an attorney's fee. She claimed that pursuant to the parties' settlement agreement, she retained the right to future treatment for injuries causally related to her compensable accident and injury under § 48-120. Sanford asserted that she had continued treatment with the same providers as prior to the settlement, with the exception of one emergency room visit, and included a list of providers along with the dates of service and corresponding charges.

The trial court held two evidentiary hearings on Sanford's motion. The court then sustained her motion in part and overruled it in part, finding that Sanford's medical expenses incurred for pharmaceuticals at Super Saver Pharmacy for prescriptions ordered through Fallbrook Family Health Center were causally linked to her compensable accident, and thus ordered payment of those expenses. However, the trial court found that the remainder of Sanford's claimed medical bills lacked the necessary medical opinion linking such bills to the compensable accident. Accordingly, the trial court overruled Sanford's motion to compel payment with respect to all the remaining claimed medical expenses. Sanford now appeals.

## ASSIGNMENTS OF ERROR

Sanford assigns, restated, that the trial court erred in (1) requiring her to present evidence of causation for each medical bill incurred after the award and settlement of her workers' compensation claim and (2) failing to order Lincoln Poultry and Continental to pay her outstanding bills.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2016), an appellate court may only modify, reverse, or set aside a Workers' Compensation Court decision when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Tchikobava v. Albatross Express*, 293 Neb. 223, 876 N.W.2d 610 (2016). Determinations by a trial judge of the Workers' Compensation Court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact which are clearly wrong in

light of the evidence. *Id*. Factual determinations by a workers' compensation trial judge have the effect of a jury verdict and will not be disturbed on appeal unless they are clearly wrong. *Gardner v. International Paper Destr. & Recycl.*, 291 Neb. 415, 865 N.W.2d 371 (2015). In testing the sufficiency of the evidence to support the findings of fact by the workers' compensation court, every controverted fact must be considered in the light most favorable to the successful party and that party must be given the benefit of every inference reasonably deducible from the evidence. *Id*.

ANALYSIS

*Evidence of Causation*.

Sanford argues that the trial court erred in requiring her to present evidence of causation for each of her claimed medical bills for expenses incurred after the parties entered into a settlement agreement. She claims that once the court has determined that a claimant's injuries are related to employment, causation for bills related to those injuries has been established. Sanford contends that it is the employer who must first make a showing that a particular bill is not compensable before the burden shifts to the claimant to provide proof of compensability. We disagree.

Under Neb. Rev. Stat. § 48-120(1)(a) (Cum. Supp. 2016), an employer is liable for all reasonable medical, surgical, and hospital services which are required by the nature of the injury and which will relieve pain or promote and hasten the employee's restoration to health and employment. Whether medical treatment is reasonable or necessary to treat a workers' compensation claimant's compensable injury is a question of fact. *Rodriguez v. Hirschbach Motor Lines*, 270 Neb. 757, 707 N.W.2d 232 (2005). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id*.

An employer is liable only for those reasonable medical expenses incurred as a result of a compensable accident. *Hare v. Watts Trucking Service*, 220 Neb. 403, 370 N.W.2d 143 (1985). Expenses not shown by the evidence to have been incurred as a result of the compensable accident are not allowable as charges against the employer. *Id*.

An employee is entitled to an award of future medical benefits upon either stipulation of the parties or the introduction of evidence showing that medical treatment will be reasonably necessary as a result of the compensable injury. Sanford appears to contend that because the parties stipulated that she suffered certain injuries in the scope of her employment, and that she was entitled to future medical costs, the causation element for those costs had been affirmatively established. She argues that the burden then falls on the employer to show that a specific bill is not compensable before she must provide proof of compensability.

However, in a workers' compensation case, the worker has the burden to prove the causal relationship between the injury, the employment, and the disability. *Lounnaphanh v. Monfort, Inc.*, 7 Neb. App. 452, 583 N.W.2d 783 (1998). The fact that these bills were presented in a motion to compel payment after it had been determined that certain injuries were work related and that the employee was entitled to future medical care, does not obviate the need to prove causation for those specific costs. In *Pearson v. Archer-Daniels-Midland Milling Co.*, 282 Neb. 400, 803 N.W.2d 489 (2011), the Nebraska Supreme Court reversed a further award denying payment for a knee replacement. Rather than ordering the employer to pay, however, the court remanded the

cause "for a factual determination as to whether [the employee's] knee replacement falls under the provisions of § 48-120." *Id.* at 408, 803 N.W.2d at 495. On its second appearance before the Supreme Court after remand and an order denying payment of the knee replacement, the employee argued that denial of payment was contrary to the original award because that award ordered future medical expenses. *Pearson v. Archer-Daniels-Midland Milling Co.*, 285 Neb. 568, 828 N.W.2d 154 (2013). Rejecting that argument, the court stated that the "original award may have awarded [the employee] future medical expenses, but this award was not without restriction and did not entitle [the employee] to reimbursement for any expense without question, as he seems to argue." *Id.* at 578, 828 N.W.2d at 162. This indicates that the employee still must prove causation.

The necessity of proving the causal relationship for future medical expenses is further reflected in the parties' application for approval of lump sum settlement and the order approving the application. In the application, the parties stipulated that "[Sanford] shall retain her right to future treatment for injuries causally related to the September 29, 2008 accident and injury." In the trial court's order approving the application, it found that Lincoln Poultry "shall remain liable for medical expenses related to the September 29, 2008 accident." Both of these provisions demonstrate that the parties intended for Lincoln Poultry to remain liable only for future medical bills that are found to have arisen out of the compensable accident. Therefore, we find that even though the parties stipulated to certain injuries at the time of the settlement agreement, such stipulation did not affirmatively establish causation for all future medical expenses. Because causation is a necessary element in establishing that an employer is liable for an employee's medical expenses, we find no merit to this assignment of error.

Sanford further argues that the workers' compensation court erred in requiring a medical opinion establishing causation because it is sufficient if the medical records, themselves, establish causation. We recognize that a note in a doctor's record can, if otherwise sufficient, support a finding of causation. *Lounnaphanh v. Monfort, Inc., supra.* However, medical history contained in the medical record is insufficient. *Id.*

Sanford directs us to particular dates in which she claims the records support payment of services rendered on those dates. Her first example is for an emergency room visit in December 2015. While the record contains her history of injury and her resultant complaints, it does not contain information of causation. To the contrary, in the general emergency department discharge instructions, it specifically states that the doctor "still does not know the exact cause of your pain." As to the anxiety that was treated on that date, Sanford's own history indicates it occurred after she witnessed a motor vehicle accident.

The second date on which Sanford claims the records reflect causation is in April 2016. She contends that "the medical records make reference to Plaintiff's traumatic brain injury eight years ago resulting in chronic depression and anxiety." Brief for appellant at 7. Again, this information is contained in the history portion of the report and Sanford "making reference to" her prior injury is not the same as establishing causation for the medical visit. Furthermore, Sanford also relates in that entry that she has been unable to sell her house despite having moved into a newer one two years earlier, an event that could also cause anxiety.

In our review of the remainder of the medical records we find no physician statements establishing a causal connection between Sanford's medical visits and her 2008 injury. We therefore find that the trial court was not clearly wrong in determining Sanford failed to prove a

causal connection between her compensable injury in 2008 and the subsequent medical expenses incurred in 2015 and 2016.

*Payment of Outstanding Bills.*

Sanford claims that the trial court erred in failing to order payment of her outstanding medical bills. She argues that her claimed medical expenses were reasonable and necessary to treat her injuries from her 2008 compensable accident. However, Lincoln Poultry objected to the offer of the corresponding bills and the objection was sustained. Sanford does not assign that ruling as error, nor does she argue that the court erred in sustaining the objection. Therefore these bills are not before us and we are unable to review the denial of their payment. Notwithstanding the failure to preserve this argument, based upon our rejection of her first assigned error, we find no error in the workers' compensation court's denial of payment.

## CONCLUSION

Based on our review of the record, we find Sanford's assignments of error to be without merit, and we therefore affirm.

AFFIRMED.